```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

AARON COMMEY,
          Plaintiff,

          v.                          Civil Action No. 11-40164-PBS

UNITED STATES OF AMERICA, ET AL.,
          Defendants.

                        MEMORANDUM AND ORDER
                          August 29, 2011
SARIS, U.S.D.J.

## I. Introduction

On August 18, 2011, plaintiff Aaron Commey ("Commey"), an inmate at FMC Devens, filed a civil action against the United States, the United States Attorney General, and the Federal Bureau of Prisons ("BOP"). Commey challenges his impending disciplinary sanctions based on his refusal to provide a DNA sample for the national database, under the DNA Act, 42 U.S.C. § 14135a.

Commey, an inmate who was found not guilty by reason of insanity, contends that he is not subject to the statutory provisions regarding DNA collection, nor do the BOP's regulations provide for such collection, because he is not a "prisoner" or a "pretrial detainee." Rather, he asserts that the statute and regulations for collection of DNA do not apply to an "insanity acquittee." Further, he challenges the BOP's position that, because he was arrested (presumably on or before 2003, when he was adjudicated not guilty by reason of insanity), the BOP has

authority to collect his DNA.  Commey contends that a fair reading of the statute defining who is subject to DNA collection includes those individuals who are convicted or those who are "arrested or facing charges" (*i.e.*, pretrial defendants).  The fact that at one point in his past he had been arrested does not mean that he presently falls within the statutory provision authorizing collection of DNA.  See 42 U.S.C. § 14135a(a)(1)(A).

Next, Commey contends that he attempted to pursue his prison remedies in this matter.  While his administrative grievance in was pending, he was asked again to provide DNA, which he declined to do, noting the administrative process had not concluded.  He was then informed that he would be issued a disciplinary incident report; he was issued a report on August 5, 2011, and is currently facing the possibility of sanctions, including up to six months in segregation, loss of phone and visiting privileges, and monetary fines.

Finally, Commey asserts that the BOP has no legitimate security interest in enforcing the DNA collection, and that as an insanity acquittee, he may not be punished, and he must be given more considerate conditions of confinement than convicted criminal prisoners.

Commey seeks a declaration that he is not required to provide DNA for indexing.  He also seeks a preliminary and permanent injunction prohibiting the defendants from enforcing

any punishments or sanctions against him for not providing DNA.

Along with the Complaint, Comme filed a Motion for Leave to Proceed *in forma pampers* (Docket No. 2), and a Motion for a Temporary Restraining Order (Docket No. 4) along with a Memorandum of law in support (Docket No. 5), and an Affidavit in support (Docket No. 6).

## II.  Discussion

A.  The Motion for Leave to Proceed *In Forma Pampers*

Upon review of Comme's financial disclosures, this Court finds that he lacks sufficient funds to pay the $350.00 filing fee.  Since Comme is not a "prisoner" as defined by 28 U.S.C. § 1915(h), he is not subject to the filing fee assessments outlined in 28 U.S.C. § 1915(b).

Accordingly, his Motion for Leave to Proceed *in forma pampers* (Docket No. 2) is ALLOWED.

B.  The Motion for a Temporary Restraining Order

The Court preliminarily finds that Comme has presented a complex and novel issue -- *i.e.*, whether the DNA Act, 42 U.S.C. § 14135a(a)(1)(A) applies to an insanity acquitted because he was once arrested.  At this juncture, however, the Court cannot gauge adequately the merits of Comme's claims regarding improper disciplinary/punitive sanctions for refusal to provide DNA for the national database, without fully considering the response by the defendants to the issues raised.  Accordingly, this Court

3

<u>DENIES</u> the Motion for a Temporary Restraining Order (Docket No. 4), filed on an *ex parte* basis.

Nevertheless, this Court will direct the defendants to provide a response to Comme's Motion for a Temporary Restraining Order within 14 days of the date of this Memorandum and Order. In the response, the defendants shall address the issues, and shall respond to the implications raised in the statement in <u>United States v. Mitchell</u>, 2011 WL 3086952,*9 (3d Cir. July 25, 2011) that if the defendant (an arrested and pretrial detainee) "[is acquitted], the Government will have no right to collect his DNA." <u>Id.</u> (brackets added). Additionally, the defendants shall address the question whether the DNA Act can be construed to apply to an insanity acquitted, when the Act itself provides a mechanism for expungement when a defendant is acquitted or when the charges are dismissed. <u>See</u> <u>United States v. Pool</u>, 621 F.3d 1213, 1221 (9th Cir. 2010)("There are also provisions for the expungement of the DNA information if the defendant is acquitted or the felony charges are dismissed") <u>citing</u> 42 U.S.C. § 14132(d)(1)(A).

Finally, the defendants shall report as to whether they will voluntarily agree to suspend any disciplinary sanctions against Comme and to suspend efforts to collect his DNA pending resolution of the issues raised in this action.

This Court will reconsider whether some form of preliminary

injunctive relief is warranted after review of the defendants' Response.

C.  <u>Issuance of Summonses and Service by the United States Marshal Service</u>

Because Comme is proceeding *in forma pampers*, the Clerk shall issue summonses as to each defendant, and the United States Marshal Service shall effect service of process, and advance the costs of service.

### III.  Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pampers* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion for a Temporary Restraining Order (Docket No. 4) is <u>DENIED</u> as an *ex parte* motion;

3. Within 14 days of the date of this Memorandum and Order, the defendants shall file a Response to the Motion for a Temporary Restraining Order;

4. Within 14 days of the date of this Memorandum and Order, the defendants shall report as to whether they will voluntarily agree to suspend any disciplinary sanctions against Comme and whether they will agree to suspend efforts to collect his DNA pending resolution of the issues raised in this action;

5. The Clerk shall issue summonses as to each defendant;

6. The Clerk shall send the summons(es), Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendant(s) in accordance with Federal Rule of Civil Procedure 4(m).  The plaintiff may elect to have service made by the United States Marshal Service.  If directed by the plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service.  Notwithstanding Fed. R. Civ.

P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE